No. 32,499

Glenn O. Haggard, *Appellee*, v. Emilie Schellner, *Appellant*.

(51 P. 2d 987)

Opinion filed December 7, 1935.

*Harry W. Fisher,* of Fort Scott, for the appellant.

*Daniel O. Lardner* and *Douglas Hudson,* both of Fort Scott, for the appellee.

The opinion of the court was delivered by

Burch, C. J.: The action was one of ejectment. Plaintiff recovered, and defendant appeals.

Plaintiff is the widow of Robert W. Haggard, Sr., deceased. In his lifetime Haggard was undisputed owner of the lot in controversy. Before his death he deeded the lot to plaintiff. Plaintiff asserted ownership and right to possession. Defendant is the widow of Victor Schellner, deceased. Defendant asserted she had an interest in the lot, and was entitled to remain in possession, by virtue of an oral contract between Haggard and Schellner.

The trial was by the court, which returned findings of fact covering the issues. The conclusion of law was, plaintiff is owner of the lot and entitled to immediate possession.

The findings of fact and conclusions of law were returned and judgment was rendered for plaintiff on November 7, 1934. On that day a motion for new trial was filed, based on two grounds; first, that the judgment was contrary to the evidence, and second, erroneous rulings and decision of the district court. This motion for new trial was denied on December 4, 1934.

On January 8, 1935, defendant filed another motion for a new trial, on the ground of newly discovered evidence. The newly discovered evidence consisted of a letter from Haggard to Schellner. The letter was incorporated in an affidavit made in support of the motion. This motion was denied on January 8, 1935.

Defendant appealed from the findings and judgment of November 7, 1934, and from the order of January 8, 1935, denying the motion for a new trial that day filed. The specifications of error are as follows:

"1. The decision of the court is contrary to the evidence.

"2. The court erred in excluding competent and material evidence.

"3. The court erred in overruling motions for new trial."

The letter incorporated in the affidavit filed in support of the motion for new trial of January 8, 1935, did not tend to support defendant's contentions, and did not militate against plaintiff's contentions. If the motion were considered by the district court on its merits it was properly denied. If the motion were denied because not filed in time it was properly denied.

The ruling on the motion for new trial filed on November 7, and denied on December 4, 1934, is not before this court, because no appeal was taken from that ruling. If that motion were before this court for consideration the court would be obliged to say it was properly denied, so far as the second specification of error is concerned. The excluded evidence was either properly excluded or was not brought before the court at the hearing on the motion for new trial.

If the motion for new trial of November 7 were before the court for consideration the court would be obliged to say the first specification of error presents nothing but a controverted question of fact, and the findings of fact were abundantly sustained by the evidence.

The result of the foregoing is, the appeal is without substantial merit, and it is dismissed.